FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 3 0 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

MARIA D. VENTURA                                          PLAINTIFF

VS                          NO. 4:19-CV -377- JM

SCHICKEL'S CLEANERS INC,
RON ZIMMERMAN, individually and in his official
capacity as General Manager for Schickel's Cleaners, Inc.;
TOM DOBER, individually and in his official
capacity as General Manager for Schickel's Cleaners, Inc.; and
DOES 1-10, all of whose true names are unknown                DEFENDANTS

This case assigned to District Judge Moody
and to Magistrate Judge Deere

## COMPLAINT

COMES NOW, the Plaintiff, Maria D. Ventura, by and through her attorneys, Alex R. Burgos and Charles D. "Dan" Hancock, of the Hancock Law Firm, and for her cause of action against the defendants, states and alleges:

### I. JURISDICTION

1. This is an action in law and equity to redress a deprivation of civil rights secured by Title VII of the Civil Rights Act of 1964 (codified and amended at 42 U.S.C. § 2000e, *et seq.*) (hereafter referred to as "Title VII), 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981 (hereafter referred to as "Section 1981"), and the Arkansas Civil Rights Act of 1993(codified and amended at Ark. Code Ann. §§ 16-123-101, *et seq*) (hereafter referred to as "ACRA").

2. This Court has jurisdiction of Plaintiff's Title VII and Section 1981 claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

3. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article

III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the best interests of judicial economy, convenience, consistency and fairness to the parties.

4. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and businesses operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff allege that Defendants Schickel's Cleaners, Inc., Tom Dober, Ron Zimmerman, and John (or Jane) Does 1-10, all of whose true names are unknown (collectively, "Defendants"), unlawfully discriminated against her on the basis of her national origin characteristics, including language, and sex, and harassed her on the basis of national origin and language, and retaliated against her.

6. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and 2202, declaring that the Defendant discriminated and retaliated against her in the terms and conditions of her employment. Plaintiff also seeks compensatory damages and punitive damages based upon Defendant's deliberate and willful violation of the statutes listed above, and for an award of costs, attorney's fees, and all other relief to which she may be entitled.

## II. PARTIES

7. Plaintiff, Maria D. Ventura (hereafter "Plaintiff" or "Ventura"), is a Hispanic woman. Ventura is a resident and citizen of Pulaski County, Arkansas who was born in the El Salvador. Ventura worked for defendant, Schickel's Cleaners Incorporated (hereafter referred to as "Schickel's"), as a tailor from October 2014 until on or about May 3, 2018.

8. Defendant, Schickel's is an Arkansas corporation who operates a number of different clothing/garment cleaning and alteration facilities in Arkansas. Plaintiff was most recently employed at Schickel's facility located at 11609 Cantrell Road in Little Rock, Arkansas.

9. Defendant, Ron Zimmerman, is employed by Schickel's as its general manager overseeing the operation of all of Schickel's facilities.

10. Defendant, Tom Dober, is employed by Schickel's the manager in charge the operations of the facility located at 11609 Cantrell Road in Little Rock, Arkansas.

11. Defendant, Payton (Last name Unknown), is employed as front desk staff at Schickel's facility located at 11609 Cantrell Road in Little Rock, Arkansas.

12. Upon information and belief of the Plaintiff, Defendant Does 1-10 were responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained.

### III. STATEMENT OF FACTS

13. Plaintiff was hired as a seamstress and tailor by Schickel's around about October of 2014.

14. Throughout her tenure as an employee of Schickel's, Plaintiff met or exceeded all of the qualifications of her position above and beyond her employer's legitimate expectations. In fact, Ron Zimmerman, Schinkel's general manager, had expressed to Plaintiff that she was a valued employee and that she was the only seamstress/tailor whose services generated income for the company.

15. In addition to performing her duties as a seamstress and a tailor, Plaintiff was also called upon by Ron Zimmerman to translate for him when he met with Spanish-speaking employees of limited English proficiency. These meetings mostly involved complaints of harassment and

discrimination made by the Spanish-speaking employees. Between October of 2014 and May of 2019, Plaintiff served as a translator during several meetings held to address complaints made by Esperanza Martinez Ramirez and Maria Martinez. Esperanza and Maria lodged complaints to Tom Dober stating that co-workers would refer to them as "Stupid Mexicans", mock them for speaking Spanish, and tell them that they needed to go back to their home Country. These co-workers also indicated that Mr. Tom Dober would also tell them to go back their home Country.

16. These meeting were attended by Ron Zimmerman, Tom Dober, the party making the complaint and the Plaintiff who served as the interpreter. During more than of these meetings Mr. Dober expressed having no concern over the complaints and stated that if they (the co-workers who had made the complaints) don't like it they should go back to their home Country.

17. During one of these occasions Plaintiff told Mr. Dober that he was wrong for saying those things. Mr. Dober abruptly ended the meeting by abruptly leaving the room. Thereafter, Tom Dober began to scrutinize Plaintiff's work and behavior and failed to take action to prevent discrimination and harassment in the workplace against the Plaintiff.

18. Beginning around August 2017 and up until Plaintiff's employment was terminated Payton, a co-worker whose last name is unknown, made derogatory comments based on race, national origin, including about Spanish speakers.

19. For example, on multiple occasions, Payton LNU called Plaintiff a "Salvadorian Bitch" and asked her to "go back to your home country."

20. Payton would also call Plaintiff an "old bitch" and "grandma".

21. Beginning around August 2017 and up until Plaintiff's employment was terminated Payton LNU, made derogatory comments based on Plaintiff's age.

22. For example, on multiple occasions, Payton LNU referred to Plaintiff as an "old bitch" "grandma".

23. Plaintiff spoke with Defendant Ron Zimmerman, Defendant Tom Dober, and Angie Janton about Payton's behavior on multiple occasions.

24. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC has completed processing that charge and a right to sue letter was issued by the EEOC on March 1, 2010, as evidence by the Dismissal and Notice of Rights attached hereto as Exhibit "A".

## IV. VIOLATIONS OF THE LAW

### a) First claim for relief: age, national origin, race, and ethnicity based discrimination in violation of Title VII and Section 1981.

25. Plaintiffs incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 24, above.

26. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

27. Plaintiff was subjected to verbal conduct on the part of Defendants' agents and employees including Payton LNU and Tom Dober.

28. Defendants' agents and employees' conduct was not welcomed by the Plaintiff.

29. Defendants' agents and employees' conduct was undertaken because of Plaintiff's: race, which is Hispanic; and national origin, which is Latina/Salvadorian.

30. The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find their work environment to be hostile or abusive.

31. Plaintiff believed her work environment to be hostile or abusive as a result of Defendants' agents and employees' conduct.

32. Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel, including Tom Dober and Ron Zimmerman with information sufficient to raise a probability of race and national origin harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

33. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of race, national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur in violation of Title VII and Section 1981.

34. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

35. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and national origin.

36. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

**b) Second claim for relief: retaliation in violation of Title VII and Section 1981.**

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 36, above.

38. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

39. Plaintiff made informal complaints to Defendant's agents and employees opposing Defendant's unlawful discriminatory employment practices on race, national origin, and age. Plaintiff, during her conversations with Ron Zimmerman and during meeting wherein she translated for Zimmerman, confirmed that Tod Dober had made discriminatory statements.

40. As a result of Plaintiff's complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

41. Defendants' adverse actions constituted retaliatory workplace harassment.

42. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII and Section 1981.

43. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

44. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

### c) Third Claim for relief: age, national origin, race, and ethnicity based discrimination in violation of ACRA.

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 44, above.

46. Arkansas Civil Rights Act of 1993, as amended, provides that "the right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender,

or the presence of any sensory, mental or physical disability is recognized as to be a civil right. This right shall include but not be limited to: […] the right to obtain and hold employment without discrimination." Ark. Code Ann. §16-123-107(a).

47. Plaintiff was subjected to verbal conduct on the part of Defendants' agents and employees including Payton LNU and Tom Dober.

48. Defendants' agents and employees' conduct was not welcomed by the Plaintiff.

49. Defendants' agents and employees' conduct was undertaken because of Plaintiff's: race which is Hispanic; and national origin which is Latina/Salvadorian.

50. The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find their work environment to be hostile or abusive.

51. Plaintiff believed her work environment to be hostile or abusive as a result of Defendants' agents and employees' conduct.

52. Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level personnel, including Tom Dober and Ron Zimmerman with information sufficient to raise a probability of race and national origin harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

53. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of race, national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur in violation of ACRA.

Page 8 of 11

54. As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

55. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and national origin.

56. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

### d) Fourth claim for relief: retaliation in violation of ACRA

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

58. Arkansas Civil Rights Act of 1993, as amended, prohibits employers from discriminating "against any individual because the individual in good faith has opposed any act or practice made unlawful by this subchapter or because the individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Ark. Code Ann. § 16-123-108(a).

59. Plaintiff made informal complaints to Defendants' agents and employees opposing Defendants' unlawful discriminatory employment practices on race, national origin, and age.

60. Plaintiff, during her conversations with Ron Zimmerman and during meeting wherein she translated for Zimmerman, confirmed that Tom Dober had made discriminatory statements.

61. As a result of Plaintiff's complaints, Defendants' agents and employees took materially adverse actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

62. Defendants' adverse actions constituted retaliatory workplace harassment.

63. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

64. As a direct, legal and proximate result of Defendants' retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

65. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## DEMAND FOR A JURY TRIAL

66. Plaintiff demands a jury trial on all causes and claims to which she has a right to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, after a trial by Jury, Plaintiff respectfully prays for this Court to enter a judgment against the defendants and for the following relief from the above described violations:

   a. Grant a declaratory judgment that the actions taken against the Plaintiff were discriminatory and violative of the rights afforded to the Plaintiff by Title VII;

   b. Grant a declaratory judgment that Defendants have engaged in a pattern and/or practice of discriminatory conduct against Latino/Hispanic employees in violation of Title VII;

   c. Grant a declaratory judgment that Defendants have engaged in a pattern and/or practice of discriminatory conduct against Latino/Hispanic employees in violation of Section 1981;

   d. Grant a declaratory judgment that the actions taken against the Plaintiff were in retaliation for her exercise of a federally protected right in violation of Title VII;

   e. Grant a declaratory judgment that the actions taken against Plaintiff were discrimination in violation of the Arkansas Civil Rights Act.

f.  Reinstatement of her employment;

g.  For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

h.  For an order enjoining Defendants from engaging in the unlawful acts complained herein;

i.  Award Plaintiff compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other such sums as will make her whole for the unlawful actions taken against her and for all other relief that is just and proper.

Respectfully Submitted:

By: _____
Alex R. Burgos (201133)
Hancock Law Firm
610 East 6th Street
Little Rock, Arkansas 72202
(501) 372-6400
(501) 372-6401 facsimile
alexb@hancocklawfirm.com

_____
Charles D. Hancock (2001022)
Hancock Law Firm
610 East 6th Street
Little Rock, Arkansas 72202
(501) 372-6400
(501) 372-6401 facsimile
Hanock@hancocklawfirm.com

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Maria D. Ventura<br>301 Ann Ave Apt A<br>Sherwood, AR 72120 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2018-01218 | Ivonne A. Knutson,<br>Investigator | (501) 324-5469 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          MAR 0 1 2019

Enclosures(s)       **William A. Cash, Jr.,**          *(Date Mailed)*
                    **Area Office Director**

cc: **Angie Janton**
**Payroll Manager**
**SCHICKELS CLEANERS**
**11601 Pleasant Ridge Rd.**
**Suite 300**
**Little Rock, AR 72212**

EXHIBIT
A